FILED
United States Court of Appeals
Tenth Circuit

October 29, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

JORGE SOCRATES SAJAROPULOS-
HERALDEZ,

   Defendant-Appellant.

No. 12-4100
(D.C. No. 2:12-CR-00145-CW-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After accepting a plea agreement that included a waiver of his right to appeal,
Jorge Socrates Sajaropulos-Heraldez pleaded guilty to illegal reentry of a previously
removed alien in violation of 8 U.S.C. § 1326. He was sentenced to 30 months in
prison, which was at the low end of the advisory guidelines range determined by the
district court, and a term of 24 months' supervised release. Notwithstanding the
appeal waiver, he appealed. The government now has moved to enforce the waiver.

---

[*]  This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating a motion to enforce a waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Counsel has filed a response stating that Mr. Sajaropulos-Heraldez does not dispute that his appellate waiver is enforceable under *Hahn*. We invited Mr. Sajaropulos-Heraldez to file a pro se response, and he has done so, arguing that we should not enforce his plea agreement. However, we find his arguments unpersuasive. Accordingly, we GRANT the motion to enforce and DISMISS this matter.

Entered for the Court
Per Curiam
